UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MICHAEL W. MORGAN, )
)
Plaintiff, )
)
v. )      No. 2:24-cv-00336-JPH-MKK
)
INDIANA DEPARTMENT OF )
CORRECTION, )
)
Defendant. )

**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF MAY BE GRANTED AND DIRECTING FURTHER PROCEEDINGS**

Michael Morgan seeks an injunction requiring the Indiana Department of

Correction to remove from its online inmate database references to the title and

nature of his criminal convictions.  He alleges that other inmates have been able

to access this information using the IDOC "Incarcerated Individual Locator"

online tool and because of that information, have repeatedly attacked, assaulted,

and threatened him. In this order, the Court screens Mr. Morgan's complaint

pursuant to 28 U.S.C. § 1915A, dismisses the complaint for failure to state a

claim upon which relief may be granted, and resolves related motions.

### I. Motion for Leave to File an Amended Complaint

Mr. Morgan filed his complaint on June 27, 2024. Dkt. 1. Less than a week

later, he filed a motion for leave to file an amended complaint but did not attach

a standalone amended complaint as required by Local Rule 15-1. Accordingly,

Mr. Morgan's motion for leave to file an amended complaint, dkt. [6], is **denied**.

*See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020).

The original complaint, dkt. 1, remains the operative pleading. Because Mr. Morgan is a prisoner, the Court is obligated to screen the complaint pursuant to 28 U.S.C. § 1915A.

## II. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III. The Complaint

Mr. Morgan asserts a single claim for injunctive relief against the Indiana Department of Correction (IDOC) based on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

The IDOC maintains a publicly available online database that contains information about inmates. IDOC, *Indiana Incarcerated Database Search*, https://www.in.gov/apps/indcorrection/ofs/ofs (last visited July 11, 2024). Users may search for an inmate by name or IDOC identification number. A successful search takes the user to a page containing considerable biographical about the inmate, including:

- IDOC number
- full name;
- date of birth;
- gender;
- race;
- current place of incarceration; and
- earliest possible release date.

Below this biographical information is an entry for each Indiana offense for which the inmate has been convicted and sentenced. Each entry includes:

- the date the inmate was sentenced;
- the length of the sentence;
- the name, statute, and classification of the offense;
- the county in which the inmate was convicted;
- the criminal case number; and
- the earliest date the sentence is projected to be discharged.

The database shows that Mr. Morgan is a 54-year-old white man incarcerated at Wabash Valley Correctional Facility. His earliest projected release date is in 2047. The database reflects that, in 2016, a Morgan County

3

court sentenced him to 30 years on each of two counts of felony child molestation under case 55D01-1602-FA-000177. While he was serving that sentence, a Sullivan County court convicted him of possessing a dangerous device and sentenced him to one additional year under case 77C01-2008-F5-000488. He previously served a six-year sentence from a 2003 conviction in Vigo County for criminal confinement.[1]

Mr. Morgan alleges that, since 2016, he has repeatedly been attacked by other prisoners. The prisoners have told him they know he is a child molester because they enlisted friends or family outside the prison to look up his crimes of conviction on the database. These attacks have caused Mr. Morgan physical and mental injuries. Additionally, when he has defended himself, he has been charged with disciplinary violations. Mr. Morgan's filings do not  provide details of any specific attack or threat, the identities of the inmates who threatened and/or attacked him, or information that put prison officials on notice that Mr. Morgan was likely to be attacked at a specific time and place.

### IV. Dismissal of Complaint

Mr. Morgan asserts that IDOC's publication of his crimes of conviction violates his constitutional rights to privacy and the Eighth Amendment's protection against cruel and unusual punishment.

---

[1] The Court takes judicial notice of these and other public records cited in this order, as it may in resolving a motion to dismiss or screening a complaint under § 1915A. *White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016); *Wade v. Barr*, 775 F. App'x 247, 247 (7th Cir. 2019)

### A.     Constitutional Right to Privacy

Mr. Morgan asserts that the IDOC's publication of his offense information in its database violates his right to privacy. The IDOC's publication of Mr. Morgan's crimes of conviction and other information in its searchable inmate database, however, does not violate any constitutional right to privacy: "No court has found that an individual has a fundamental privacy right in information that is a matter of the public record." *Taylor v. Miller*, 853 F. Supp. 305, 307 (W.D. Wis. 1994); *see Willan v. Columbia Cnty.*, 280 F.3d 1160, 1162–64 (7th Cir. 2002) ("Records of conviction are public rather than private documents, however; the information in them is not the property of the convicted persons, and therefore the National Crime Information Center had every right, at least so far as the Constitution is concerned, to record and disseminate Willan's conviction.").

In support of his argument, Mr. Morgan cites *United States Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749 (1989). There, the issue was whether the FBI could be compelled under the Freedom of Information Act (FOIA) to disclose an individuals' "rap sheets"—compilations of "certain descriptive information, such as date of birth and physical characteristics, as well as a history of arrests, charges, convictions, and incarcerations of the subject"—to a media outlet. 489 U.S. 749, 752 (1989). The Court framed the issue as "whether the compilation of otherwise hard-to-obtain information alters the privacy interest implicated by disclosure of that information." *Id.* at 764. The Court concluded "there is a vast difference between the public records that might be found after a diligent search of courthouse files,

county archives, and local police stations throughout the country and a computerized summary located in a single clearinghouse of information." *Id.* By extension, Mr. Morgan argues that the IDOC violates his constitutional privacy rights by consolidating his identifying information and crimes of conviction and making it easily searchable—not just maintaining publicly accessible records.

But the issue in *Reporters Committee* was whether the disclosure of rap sheets was an "unwarranted invasion of personal privacy" within FOIA's statutory meaning.  *Id.* at 751. *Reporters Committee* is an interpretation of FOIA, not the Constitution, and FOIA governs federal agencies, not state bureaucracies like the IDOC. Moreover, since *Reporters Committee*, the Supreme Court and Seventh Circuit have made clear that an inmate has no constitutional privacy right to avoid publication of identifying information and his offenses of conviction.

## B.  Eighth Amendment

Mr. Morgan also asserts that the IDOC's publication of his offense information in its database violates the Eighth Amendment. "The eighth amendment addresses only punishment." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). And "the Seventh Circuit and Supreme Court have determined that these types of registries"—including mandatory post-release registries for violent offenders and sex offenders—"are not punishments at all and therefore, it could not be a cruel or unusual punishment." *Chatman v. Jeffreys*, No. 1:22-1314-MMM, 2023 WL 1993782, at *3 (C.D. Ill. Feb. 14, 2023), *aff'd*, No. 23-1401, 2024 WL 94103 (7th Cir. Jan. 9, 2024). "The fact that" the

state "posts the information on the Internet does not alter" the analysis. *Smith v. Doe*, 538 U.S. 84, 99, 123 (2003).

The Court therefore turns to Mr. Morgan's Eighth Amendment claim based on the threats to his safety.  The Eighth Amendment imposes on prison officials "a duty to protect prisoners from violence at the hands of other prisoners." *LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To prevail on a failure-to-protect claim, the plaintiff "must show that the prison official was deliberately indifferent to an excessive risk to the prisoner's health or safety." *Id.* "[T]he prison official must have actual, not merely constructive, knowledge of the risk to be liable." *Id.* "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk."  *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015).

Here, Mr. Morgan's complaint is sufficient to support an inference that he faces an ongoing risk to his safety once other inmates learn of the nature of his convictions.  But it does not identify any specific prison official who was made aware that Mr. Morgan faced a specific, credible, and imminent risk of serious harm. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008) ("Klebanowski needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning that they were actually aware of a substantial risk of harm to Klebanoski's health or safety, yet failed to take appropriate steps to protect him from the specific danger.").  Nor does it allege

that any prison official "was aware of the general patterns" of violence against him or "had independent knowledge" of specific prior attacks leading to a substantial risk of future attack. *Sinn v. Lemmon*, 911 F.3d 412, 421 (7th Cir. 2018).

Mr. Morgan's Complaint therefore fails to state a claim for failure to protect.

## C.   Causation

Finally, Mr. Morgan seeks the removal of public access to information about his convictions, but the complaint does not support an inference that the IDOC's publication of his offenses in its public database caused the attacks he alleges, or that removal of that information from the database would eliminate the danger. *See* dkt. 1 at 5, 7.

It is fundamental that "there is no tort," constitutional or common-law, "without an actionable injury caused by the defendant's wrongful act." *Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014). The allegations in the complaint do not support an inference that the IDOC's publication of Mr. Morgan's crimes and other information on its searchable database violates any constitutional right or that it has caused the injuries underlying his claim. Pursuant to 28 U.S.C. § 1915A, the complaint is **dismissed** for **failure to state a claim** upon which relief may be granted.

## V. Motion for Preliminary Injunction

Mr. Morgan also seeks a temporary restraining order directing the IDOC to remove his crimes of conviction from its searchable database. Preliminary

injunctive relief "is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). The plaintiff first must show that "(1) without this relief, it will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.*

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762–63 (7th Cir. 2020). The precise likelihood of success required depends in part on the balance of harms: "the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).

In this case, the Court need not undertake a complex balancing analysis. For the reasons expressed in Part IV above, Mr. Morgan's complaint does not state a plausible claim for relief. He therefore has no demonstrable likelihood of success on the merits. His motion for temporary restraining order, dkt. [7], is **denied**.

## VI. Motion for Leave to Proceed *In Forma Pauperis*

Mr. Morgan's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that he is assessed an initial partial filing fee of **$26.30**. *See* 28 U.S.C. § 1915(b)(1).  Mr. Morgan has paid this initial fee.  Dkt. 12.

Mr. Morgan is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2).

## VII. Motion to Appoint Counsel

Mr. Morgan has filed a motion to appoint counsel, dkt. 3. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff

made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655–56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion).  Mr. Morgan does not indicate that he has attempted to recruit counsel on his own.  And while Mr. Morgan has explained that he is unable to write to attorneys on his own due to severe mental health conditions, mental impairments, disabilities, or the effects of psychoactive medications, the record demonstrates that he is, at least at this early stage in the proceedings, capable of representing himself. Mr. Morgan's claims are not complex.  Moreover, he has submitted numerous thorough, understandable filings, including his complaint and motion for preliminary injunctive relief, that cite case law and present coherent arguments. These submissions show that he can send attorneys letters

summarizing his case and asking for pro bono representation.  Mr. Morgan's motion to appoint counsel, dkt. [3], is **denied**.

### VIII. Conclusion and Order to Show Cause

Mr. Morgan's motion for leave to file an amended complaint, dkt. [6], is **denied**. His motions for a temporary restraining order, dkt. [7], and for appointment of counsel, dkt. [3], are **denied**.

The complaint is **dismissed** for **failure to state a claim** upon which relief is granted pursuant to 28 U.S.C. § 1915A.   Mr. Morgan has **through August 26, 2024**, to **show cause** why the Court should not dismiss the action and enter final judgment.  Alternatively, he **may file** a proposed amended complaint by that date.

Mr. Morgan's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that he is assessed an initial partial filing fee of **$26.30**. Failure to respond to the show-cause order in the time provided may result in dismissal of the action and the entry of final judgment without further warning or opportunity to show cause.

**SO ORDERED.**

Date: 8/6/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL W. MORGAN
141485
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838