UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL W. MORGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-cv-00336-JPH-MKK ) |
| INDIANA DEPARTMENT OF CORRECTION, | ) ) ) ) |
| Defendant. | ) |

**ORDER DENYING EMERGENCY MOTION TO PROCEED ANONYMOUSLY AND SEAL DOCUMENTS**

Michael Morgan brought this action to enjoin the Indiana Department of Correction (IDOC) to remove specific references to his crime of conviction from its public, searchable inmate database. He alleges that fellow inmates can access the information easily and have repeatedly attacked him upon learning his crime of conviction.

The Court dismissed Mr. Morgan's complaint for failure to state a claim upon which relief may be granted and denied his motion for preliminary injunction. *See* dkt. 14. Mr. Morgan has moved to seal the record and proceed under a pseudonym, asserting that his pleadings and the Court's orders in this action will expose him to the same violence as the database. Dkt. 11. These requests conflict with the presumption "that parties' identities are public information," *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020), and the principle that "[i]nformation transmitted to the court . . . is presumptively public," *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). "[J]udicial proceedings,

civil as well as criminal, are to be conducted in public." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997).

Mr. Morgan correctly notes that this Court has weighed six factors when considering whether a plaintiff may proceed anonymously. *Doe v. Margaret Mary Cmty. Hosp.*, No. 1:23-cv-01655-JRS-KMB, 2024 WL 273732, at *1 (S.D. Ind. Feb. 7, 2024); *Does v. City of Indianapolis*, No. 1:06-cv-00865-RLY-WTL, 2006 WL 2289187, at *2 (S.D. Ind. Aug. 7, 2006). They are:

1. whether the plaintiff is challenging governmental activity or an individual's actions;
2. whether the plaintiff's action requires disclosure of information of the utmost intimacy;
3. whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct;
4. whether identification would put the plaintiff at risk of suffering physical or mental injury;
5. whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously;
6. the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Id.* Similar considerations apply to the question of whether the case and its documents may be sealed. "[I]n this Circuit, there is a strong presumption that documents relied upon by the court be publicly available. . . . Parties seeking an exception to this rule must show good cause, which generally only exists when the documents contain trade secrets or other information that should be held in confidence." *Love v. Medical College of Wisconsin*, 371 F. Supp. 3d 489, 497–98 (E.D. Wis. 2016).

2

At most one factor weighs in Mr. Morgan's favor: He is challenging governmental activity rather than an individual's actions. *See EW*, 213 F.R.D. at 111 ("where a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong"). On the whole, though, no combination of factors outweighs the presumptions that he must proceed under his own name and the Court's records must remain publicly accessible.

Mr. Morgan is seeking to enjoin publication of past conduct related to his sentencing that has been completed—not challenging the constitutionality of a law in a way that would admit to conduct that could expose him to future prosecution. *See Roe v. Dettelbach*, 59 F.4th 255, 259–60 (7th Cir. 2023) (discussing whether plaintiff should be permitted to proceed anonymously where pleadings could expose plaintiff to prosecution).

Contrary to Mr. Morgan's assertion, his submissions do not disclose information of the utmost intimacy. Some "courts have held that, in lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm." *EW*, 213 F.R.D. at 111. But "[t]his suit is not about what happened during sexual relations." *Doe v. Trustees of Indiana Univ.*, 101 F.4th 485, 492 (7th Cir. 2024). "Courts often extend the protection of anonymity to the *victims* of sex crimes," not their perpetrators. *Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 914 (7th Cir. 2024) (emphasis added). The IDOC's database does not publish details of Mr. Morgan's

3

sexual activity but rather the fact that he has been convicted of child molestation. His criminal conviction is not an intimate fact; it is a fact documented in numerous public records.

Concealing Mr. Morgan's identity and sealing the record are not necessary to protect him against physical or mental harm and, by his own allegations, are unlikely to do so. Inmates have multiple avenues to learn what crime precipitated Mr. Morgan's imprisonment. Removing his name from this action and sealing its records would close only one. Because he has no legal right to prevent from the IDOC from publishing his crime of conviction, the searchable inmate database—which Mr. Morgan characterizes as the principal source of that information—will remain open. He has presented no reason to find that proceeding anonymously or sealing this action will materially decrease his risk of violence.

This is not a case when sealing the docket or allowing the plaintiff to proceed anonymously is necessary to *keep* sensitive information private. *See, e.g.*, *Mitze*, 968 F.3d at 692 (discussing personal medical information); *EW*, 213 F.R.D. at 111 (discussing "highly sensitive" sexual activities and behaviors). Instead, Mr. Morgan sued to make already public information private. He therefore has "not presented exceptional circumstances justifying use of a fictitious name in a civil suit he voluntarily filed." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (malicious prosecution suit where arrest and prosecution records had been expunged). Mr. Morgan's motion to seal the record

4

and proceed under a pseudonym, dkt. [11], is **denied.**

**SO ORDERED.**

Date: 8/12/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL W. MORGAN
141485
WABASH VALLEY – CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838